**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNY JOSSETH RECINOS-SANTAMARIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-70773 <br><br> Agency No. A079-048-813 <br><br> MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010**

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jenny Josseth Recinos-Santamaria, a native and citizen of Honduras,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on the omission from petitioner's asylum application of her three alleged complaints to the police, and whether or not the police were willing to help her was central her claim. *See Li v. Ashcroft*, 378 F.3d 959, 962-64 (9th Cir. 2004) (a negative credibility finding will be upheld so long as one of the identified grounds underlying the finding is supported by substantial evidence and goes to the heart of the asylum claim). Accordingly, in the absence of credible testimony, petitioner's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioner's contention that the IJ violated her due process rights by acting in an aggressive manner and failing to provide her with local rules is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DENIED.**